**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STRETCHTECH, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>ANKI, INC.<br><br>             Defendants. | **Dkt. No. 19-cv-5379**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff StretchTech, LLC ("StretchTech" or "Plaintiff") by and for its Complaint against defendant Anki, Inc. ("Anki" or "Defendant") hereby alleges as follows::

## NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the patent laws of the United States. StretchTech holds the rights in U.S. Patent No. 9,913,054 ("the 054 patent"), U.S. Patent No. 9,042,563 ("the '563 patent") and U.S. Patent No. 8,704,070 ("the '070 patent") (collectively, the "asserted patents). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent.  Under 35 U.S.C. § 282(a), the '054 patent, the '563 patent, and the '070 patent are each entitled to a presumption of validity. StretchTech is suing Defendant for infringing its patent, and doing so willfully. StretchTech seeks to recover damages from Defendant, including treble damages for willful infringement.

## PARTIES

2.  StretchTech is a limited liability company, organized and existing under the laws of the State of Florida, having a place of business at 25 Broadway, New York, NY, 10004.

3. Defendant Anki, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 55 2nd Street, 15th Floor, San Francisco, CA 94105. Anki, Inc., can be served via its registered agent for process, National Registered Agents Inc., at 160 Greentree Dr Ste 101, Dover, Delaware 19904.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, et seq. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendant, among other things, has a regular and established place of business in this District through which it conducts business in, and avails itself of the laws of, the State of New York. In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products will be used, offered for sale and/or sold in this District. Defendant has regularly and systemically conducted and solicited business in this District by and through at least the sales and offers for sale of Defendant's products and services, and other contractual arrangements with Defendant's customers, developers, distributors and third-parties using Defendant's products and services located in and/or doing business in this District.  Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

6. Upon information and belief, Defendant directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or

markets and, at all relevant times has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products that infringe the asserted patents within the Southern District of New York, through its website: www.anki.com within this District and through resellers operating within this District.

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8. Upon information and belief, venue properly lies within this judicial district and division as Defendant has a regular and established place of business in this District, has committed acts of infringement of the asserted patents in this District, solicits business in this District, and conducts other business in this District.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

9. StretchTech (operating under the service name Waxx Technologies, Waxx Tech or simply "Waxx").  Since 2012, StretchTech has dedicated significant resources to developing and perfecting its sound sourcing technology.  From its inception, StretchTech has been focused on enhancing the hearing capabilities of machines and computers to create the most natural way of communicating with technology.  StretchTech's patented proprietary hardware and software identify the locations of sound in any 3D space, giving computers similar functionality to the human ear.

10. StretchTech began from the insight that, like many living creatures, humans have the incredible ability to identify the source of sound in their environment.  Humans use this ability everyday to look people in the eye during conversation, for example.  StretchTech enables computers to have this amazing ability by locating the source of sound and responding to that sound in a meaningful way.  Through its patented sound sourcing technology, StretchTech brings a natural sensory system to robotics and digital assistants, and combined

with the growing capabilities of artificial intelligence, creates a unique user experience.

11. StretchTech is the owner by assignment of United States Patent No. 9,913,054 ("the '054 patent"), including the right to sue for past damages. Ex. D.

12. The '054 patent was duly and legally issued by the United States Patent and Trademark Office on March 6, 2018, is active, and is entitled "System and method for mapping and displaying audio source locations." A true and correct copy of the '054 patent is attached hereto as Exhibit A.

13. Defendant has been aware of the '054 patent since at least November 19, 2018. Ex. G.

14. Defendant directly infringes, literally or under the doctrine of equivalents, one or more claims of the '054 patent by, without authority, making, using, importing, selling, or offering to sell its Vector Robot ("Vector") within the United States, in violation of 35 U.S.C. § 271(a).

15. In addition to directly infringing the '054 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Defendant indirectly infringes the '054 patent by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform all or some of the steps of the method claims of the '054 patent, either literally or under the doctrine of equivalents, or both, pursuant to 35 U.S.C. § 271(b) & (c).

16. StretchTech is also the owner by assignment of United States Patent No. 9,042,563 ("the '563 patent"), including the right to sue for past damages. Ex. E.

17. The '563 patent was duly and legally issued by the United States Patent and Trademark Office on May 26, 2015, is active, and is entitled "System and method to localize sound and provide real-time world coordinates with communication." A true and correct copy of

the '563 patent is attached hereto as Exhibit B.

18. Defendant has been aware of the '563 patent since at least November 19, 2018. Ex. G.

19. Defendant directly infringes, literally or under the doctrine of equivalents, one or more claims of the '563 patent by making, using, importing, selling, or offering to sell its Vector Robot ("Vector"), without authority, within the United States, in violation of 35 U.S.C. § 271(a).

20. In addition to directly infringing the '563 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Defendant indirectly infringes the '563 patent by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform all or some of the steps of the method claims of the '563 patent, either literally or under the doctrine of equivalents, or both, pursuant to 35 U.S.C. § 271(b) & (c).

21. In addition, StretchTech is the owner by assignment of United States Patent No. 8,704,070 ("the '070 patent"), including the right to sue for past damages. Ex. F.

22. The '070 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2014, is active, and is entitled "System and method for mapping and displaying audio source locations." A true and correct copy of the '070 patent is attached hereto as Exhibit C.

23. Defendant has been aware of the '070 patent since at least November 19, 2018. Ex. G.

24. Defendant directly infringes, literally or under the doctrine of equivalents, one or more claims of the '070 patent by, without authority, making, using, importing, selling, or offering to sell its Vector Robot ("Vector") within the United States, in violation of 35 U.S.C. §

271(a).

25. In addition to directly infringing the '070 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Defendant indirectly infringes the '070 patent by instructing, directing, and/or requiring others, including its customers, purchasers, users, and developers, to perform all or some of the steps of the method claims of the '070 patent, either literally or under the doctrine of equivalents, or both, pursuant to 35 U.S.C. § 271(b) & (c).

## PRE-SUIT NOTICE OF PATENTS

26. On November 19, 2018, StretchTech wrote to Defendant in an effort to forge a strategic partnership with Defendant for the introduction of revolutionary sound sourcing technology StretchTech had to offer. Ex. G. In its letter, StretchTech identified the asserted patents and asserted its belief that at least the Defendant's Vector Robot was infringing on at least one of the asserted patents. *Id.* However, Defendant failed to respond to StretchTech's communication.

27. On January 18, 2019, StretchTech wrote to Defendant again in an effort to forge a strategic partnership with Defendant for the introduction of revolutionary sound sourcing technology StretchTech had to offer and to initiate a licensing discussion regarding the StretchTech patents. Ex. H. In its letter, StretchTech again identified the asserted patents, asserted that at least the Defendant's Vector Robot was infringing on at least one of the asserted patents, and provided Defendant with a claim chart illustrating Defendant's Vector Robot infringement of at least one claim of the asserted patents. *Id.* Defendant responded, indicating that Defendant had reviewed the StretchTech patents, but declined to entertain licensing discussions.

## COUNT I
**WILLFUL INFRINGEMENT OF UNITED STATES PATENT NO. 9,913,054 BY DEFENDANT**

28. Plaintiff incorporates herein by reference the allegations above, inclusive, as though fully set forth herein.

29. The '054 patent is presumed to be valid under 35 U.S.C. § 282.

30. Defendant directly or indirectly infringes one or more claims of the '054 patent or induces infringement by its customers of one or more claims of the '054 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

31. Claim 14 of the '054 patent recites, as follows:

> 14. A computer program product stored on a non-transitory computer usable medium, wherein the computer usable medium causes a computer to control an execution of an application to perform a method for producing an animated indicia responsive to a first reference sound location in relation to one or more sound characteristics, comprising:
>
> generating the animated indicia responsive to sound;
>
> defining the one or more sound characteristics to be detected by a sound detector;
>
> detecting at least one target sound in a three dimensional physical space in relation to the one or more sound characteristics;
>
> determining the first reference sound location in relation to the detected at least one target sound in the three dimensional physical space,
>
> wherein the animated indicia responds in a three dimensional virtual space proximate to the first reference sound location, and
>
> wherein orientation of the animated indicia in the three dimensional virtual space changes in relation to orientation of the detected target sound in the three dimensional physical space.

32. Defendant infringes each element of claim 1 of the '054 patent.

33. For example, Defendant's Vector Robot ("Vector") is clearly a "computer program product …," as recited above, at least by its including a computer program product that is stored on a non-transitory computer usable medium.  Vector also includes a processing unit (described as a "Qualcomm 200 processing platform" in the marketing materials) and a display device (described as a "high-res color IPS display") displaying an animated indicia that is responsive to sound and sound locations. Ex. I.

34. Vector also generates an "indicia responsive to sound' as recited above as shown at least on page 6 of the VectorTM Quick Start Guide which indicates "Vector responds to your voice" and illustrates an animated indicia shown on Vector's included display device being responsive to sound. Ex. J. Furthermore, images and video available on www.anki.com illustrate the same animated indicia shown in the Quick Start Guide as being responsive to the human voice. *Id.*

35. Defendant Vector clearly defines "defining the one or more sound characteristics to be detected by a sound detector," at least as shown by Anki.com, which states "Vector has a powerful four-microphone array for directional hearing. Ex. K. Furthermore, page 7 of the VectorTM Quick Start Guide describes Vector as including a "Beamforming 4-microphone array to know where you are when you speak to him." Ex. J

36. Vector further detects "at least one target sound in a three dimensional physical space in relation to the one or more sound characteristics," as recited above, shown at least by page 7 of the VectorTM Quick Start Guide, which shows that Vector includes a "Beamforming 4-microphone array to know where you are when you speak to him." Ex. J.

37. In addition, Defendant's Vector further determines the first reference sound location in relation to the at least one target sound detected in the three dimensional physical space as recited above at least on page 6 of the VectorTM Quick Start Guide that illustrates an animated indicia shown on the display device included in the Vector Robot as being responsive to the direction of sound. Ex. J. Furthermore, images and video available on www.anki.com illustrate the same animated indicia shown in the Quick Start Guide as being responsive to the direction of a human voice in relation to the Vector Robot. Ex. K.

38. Page 6 of the VectorTM Quick Start Guide illustrates an animated indicia shown on Vector's display device as begin responsive to the direction of sound, (Ex. J), and images and

video available on www.anki.com illustrate the same animated indicia as being responsive to the direction of a human voice in relation to Vector. Ex. K.  These examples show an animated indicia that responds in a three dimensional virtual space proximate to the first reference sound location, as recited above.  These examples also show the orientation of the animated indicia in the three dimensional virtual space changes in relation to orientation of the detected target sound in the three dimensional physical space, as recited above.

39. As explained in the foregoing paragraphs, Defendant's Vector Robot infringes at least claim 14 of the '054 patent.

40. Defendant's infringement of the '054 patent has been willful since at least November 19, 2018.

41. StretchTech has been and continues to be injured by Defendant's infringement of the '054 patent. StretchTech is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

42. Unless enjoined by this Court, Defendant's acts of infringement will continue to damage StretchTech irreparably.

**COUNT II**
**WILLFUL INFRINGEMENT OF UNITED STATES PATENT NO. 9,042,563**
**BY DEFENDANT**

43. Plaintiff incorporates herein by reference the allegations above, inclusive, as though fully set forth herein.

44. The '563 patent is presumed to be valid under 35 U.S.C. § 282.

45. Defendant directly or indirectly infringes one or more claims of the '563 patent or induces infringement by its customers of one or more claims of the '563 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

46. Claim 12 of the '563 patent recites, as follows:

> 12. A non-transitory computer program product comprises a computer usable medium, a computer readable program means for causing a computer to control an execution of an application to perform a method for improving sound localization and detection including: inputting a predetermined location's dimensional data within a room and location reference data for one or more detection devices in the predetermined location; identifying one or more sounds detected by the one or more detection devices; wherein each of the one or more detection devices have X, Y and Z blueprint coordinates associated therewith; wherein each of the one or more detection devices' two dimensional (2-D) and three dimensional (3-D) coordinates are actually determined by physical measurement of the one or more detection devices in relation to the room and virtually determined via one or more associated processors detecting sound waves transmitted for receipt by the one or more detection devices, in relation to each respective detection device; providing sound localization information to one or more users; mapping one or more detected sound locations in relation to the predetermined location's dimensional data; and transmitting the mapping to a receiving source and providing a visual display of the one or more detected sound locations and the predetermined location's dimensional data; wherein sound localization information includes position and location information in relation to the one or more detection devices and the one or more detected sounds in association with the predetermined location's dimensional data

47. Defendant infringes each element of claim 12 of the '563 patent.

48. For example, Defendant's Vector Robot ("Vector") includes a computer program product that is stored on a non-transitory computer usable medium. Vector also includes a processing unit (described as a "Qualcomm 200 processing platform" in the marketing materials) and a display device (described as a "high-res color IPS display") displaying an animated indicia that is responsive to sound and sound locations. Ex. I.

49. Page 6 of the VectorTM Quick Start Guide indicates "Vector responds to your voice" and illustrates an animated indicia shown on Vector's included display device being responsive to sound. Ex. J. Furthermore, images and video available on www.anki.com illustrate the same animated indicia shown in the Quick Start Guide as being responsive to the human voice. *Id.*

50. Additionally, Anki.com states "Vector has a powerful four-microphone array for

directional hearing. Ex. K. Furthermore, page 7 of the VectorTM Quick Start Guide describes Vector as including a "Beamforming 4-microphone array to know where you are when you speak to him." Ex. J.

51. As explained in the foregoing paragraphs, Defendant's Vector Robot infringes at least claim 12 of the '563 patent.

52. Defendant's infringement of the '563 patent has been willful since at least November 19, 2018.

53. StretchTech has been and continues to be injured by Defendant's infringement of the '563 patent. StretchTech is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

54. Unless enjoined by this Court, Defendant's acts of infringement will continue to damage StretchTech irreparably.

## COUNT III
## WILLFUL INFRINGEMENT OF UNITED STATES PATENT NO. 8,704,070
## BY DEFENDANT

55. Plaintiff incorporates herein by reference the allegations above, inclusive, as though fully set forth herein.

56. The '070 patent is presumed to be valid under 35 U.S.C. § 282.

57. Defendant directly or indirectly infringes one or more claims of the '070 patent or induces infringement by its customers of one or more claims of the '070 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

58. Claim 8 of the '070 patent recites, as follows:

> 8. A computer program product stored on a computer usable medium, comprising:
>
> a computer readable program means for causing a computer to control an execution of an application to perform a method for producing an indicia

proximate to a first reference sound location in relation to a plurality of sound characteristics, comprising:

defining the plurality of sound characteristics to be detected by a sound detector;

wherein the plurality of sound characteristics comprise frequency range, decibel level, and loudness range;

detecting at least one target sound in relation to the the plurality of sound characteristics; wherein the at least one target sound is detected using one or more of a soundwave detector, acoustic camera, or electronic control logic;

determining the first reference sound location in relation to the detected at least one target sound; and,

producing a predetermined indicia proximate to the first reference sound location; wherein the indicia is one or more of a: visual image, cartoon, character representation, video, anime, hologram, light beam, animation, and combinations thereof, for display in relation to the detected target sound; wherein producing the predetermined indicia further comprises displaying the indicia in relation to the referenced sound position in accordance with one or more predetermined times; wherein the indicia is one or more of a holographic image displayed in relation to the referenced sound position at intervals defined by one or more predetermined times.

59. Defendant infringes each element of claim 1 of the '070 patent.

60. For example, Defendant's Vector Robot ("Vector") includes a computer program product that is stored on a non-transitory computer usable medium. Vector also includes a processing unit (described as a "Qualcomm 200 processing platform" in the marketing materials) and a display device (described as a "high-res color IPS display") displaying an animated indicia that is responsive to sound and sound locations. Ex. I.

61. Page 6 of the VectorTM Quick Start Guide indicates "Vector responds to your voice" and illustrates an animated indicia shown on Vector's included display device being responsive to sound. Ex. J. Furthermore, images and video available on www.anki.com illustrate the same animated indicia shown in the Quick Start Guide as being responsive to the human voice. *Id.*

62. Additionally, Anki.com states "Vector has a powerful four-microphone array for directional hearing. Ex. K. Furthermore, page 7 of the VectorTM Quick Start Guide describes

Vector as including a "Beamforming 4-microphone array to know where you are when you speak to him." Ex. J.

63. As explained in the foregoing paragraphs, Defendant's Vector Robot infringes at least claim 8 of the '070 patent.

64. Defendant's infringement of the '070 patent has been willful since at least November 19, 2018.

65. StretchTech has been and continues to be injured by Defendant's infringement of the '070 patent. StretchTech is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

66. Unless enjoined by this Court, Defendant's acts of infringement will continue to damage StretchTech irreparably.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues.

## PRAYER FOR RELIEF

WHEREFORE, StretchTech requests this Court enter judgment as follows:

A. That the each of the asserted patents are valid and enforceable;

B. That Defendant has directly and indirectly infringed at least one of the claims of the 054 patent;

C. That Defendant has directly and indirectly infringed at least one of the claims of the '563 patent;

D. That Defendant has directly and indirectly infringed at least one of the claims of the '070 patent;

E. That such infringement of the asserted patents has been willful;

F. That Defendant accounts for and pays to StretchTech all damages pursuant to 35 U.S.C. § 284 to adequately compensate StretchTech for Defendant's infringement of the 054 patent, the '563 patent, and the '070 patent, but in no event less than a reasonable royalty for the use made by Defendant of the invention set forth in the asserted patents;

G. That StretchTech receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

H. That this is an exceptional case under 35 U.S.C. § 285;

I. That Defendant pay StretchTech all of StretchTech's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

J. That StretchTech be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the asserted patents, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That costs be awarded in accordance with 35 U.S.C. § 284 to StretchTech; and

L. That StretchTech be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: June 7, 2019                                         Respectfully submitted,

**SPIRO HARRISON**

By: */s/ Jason C. Spiro*
Jason C. Spiro
Carolyn B. Rendell
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07078
Tel.: (973) 232-0882
Fax: (973) 232-0887

*Attorneys for Plaintiff*

**BRUNDIDGE & STANGER**


By: <u>*/s/ Davud Moore*</u>
David Moore (*pro hac vice forthcoming*)
1925 Ballenger Avenue, Suite 560
Alexandria, VA 22314
Tel.: (703) 684-1470
Fax: (703) 684-1460